12-2190
Efendija v. Holder

BIA
Cheng, IJ
A093 338 405

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand thirteen.

PRESENT:
      ROBERT D. SACK,
      BARRINGTON D. PARKER,
      DEBRA ANN LIVINGSTON,
          *Circuit Judges.*

_____

MERITA EFENDIJA,
      *Petitioner,*

      v.                    12-2190
                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Sokol Braha, New York, NY.

FOR RESPONDENT:      Stuart F. Delery, Principal Deputy Assistant Attorney General; Edward J. Duffy, Senior Litigation Counsel; Julie S. Saltman, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Merita Efendija, a native of the former Yugoslavia and a citizen of Kosovo, seeks review of a April 26, 2012, decision of the BIA (1) affirming the January 12, 2010, decision of Immigration Judge ("IJ") Mary M. Cheng, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); and (2) denying her motion to reopen and remand. *In re Merita Efendija*, No. A093 338 405 (B.I.A. Apr. 26, 2012), *aff'g* No. A093 338 405 (Immig. Ct. N.Y. City January 12, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Li Yong Cao v. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005).

## I.  Adverse Credibility Determination

For applications such as Enfendija's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).  Furthermore, for purposes of a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent."  *Xiu Xia Lin*, 534 F.3d at 166.  We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Id*. at 167.

In this case, the agency reasonably based its adverse credibility determination on inconsistencies between Enfendija's written statement and her testimony, including discrepancies as to her political role in Kosovo, how she identified the perpetrators of an attack against her, and

3

her location when an explosion occurred at her father's store. Because the REAL ID Act permits the agency to base a credibility finding on any inconsistency, without regard to whether it goes "to the heart of the applicant's claim," 8 U.S.C. § 1158(b)(1)(B)(iii), the inconsistencies between Enfendija's written statement and her testimony provide substantial evidence supporting the agency's adverse credibility determination, particularly because they relate to her allegations of past harm. *See Xiu Xia Lin*, 534 F.3d at 166, 167. Furthermore, the agency reasonably rejected Enfendija's explanations for the inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Moreover, the adverse credibility determination is further supported by the IJ's demeanor finding. Because the IJ was in the best position to observe Enfendija's manner while testifying, we afford the demeanor finding particular deference. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006).

Because the only evidence of a threat to Enfendija's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for relief. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

4

## II. Motion to Remand

The BIA's denial of a motion to remand is held to the substantive standard of review for motions to reopen and reconsider. *Li Yong Cao*, 421 F.3d at 151, 156. "The BIA has broad discretion to deny a motion to remand grounded on new evidence," and accordingly, we review the BIA's denial of such a motion for abuse of discretion. *Id*. at 156-57 (citing *INS v. Doherty*, 502 U.S. 314, 323 (1992)). The BIA may deny motions to remand when a *prima facie* case for the relief sought is not established. *Id*. at 156. To establish a *prima facie* case, a petitioner has "the heavy burden of demonstrating that the proffered new evidence would likely alter the result in her case," and must show "a realistic chance" of obtaining relief upon reopening. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 168 (2d Cir. 2008) (internal quotation marks omitted).

In support of remand, Enfendija submitted an affidavit in which she states that her initial declaration, written in Albanian, indicated that she was inside her father's store when an explosion occurred, thereby addressing one of the inconsistencies in her testimony, and that she was in possession of that original declaration, although she did not submit it. Enfendija does not explain why the original

declaration was previously unavailable, nor how it affects the IJ's adverse credibility determination and establishes her *prima facie* eligibility for asylum.  Accordingly, the BIA did not abuse its discretion in denying Enfendija's motion to remand.  *See Li Yong Cao*, 421 F.3d at 156.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6